IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MARIANO RENE GONZALEZ FALLA,

                Petitioner,

v.                                          CIVIL ACTION NO.   3:26-cv-00172

LEONARD ODDO, et al.,

                Respondents.

**ORDER**

On February 26, 2026, Petitioner Mariano Rene Gonzalez Falla was pulled over, arrested, and eventually detained by Immigration and Customs Enforcement officers. [ECF No. 1, ¶ 22]. Petitioner is "currently detained in the custody of Immigration and Customs Enforcement at the Moshannon Valley Processing Center (MVPC) in Phillipsburg, Pennsylvania at or around the time of filing of this petition." *Id.* ¶ 1.

On March 2, 2026, Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *Id.* ¶¶ 1, 7. According to the Petition, Petitioner is a citizen of Guatemala and lived in Virginia prior to his detention. *Id.* ¶¶ 1, 15, 21. Petitioner alleges that his detention violates his Fifth Amendment Due Process Rights, Fifth Amendment Equal Protection Rights, the Immigration and Nationality Act, and the Suspension Clause. *Id.* ¶¶ 36–67.

This Petition presents a potential jurisdiction problem. By Petitioner's admission, he filed his Petition in the Southern District in West Virginia "at or around the time" he was detained in MVPC in Phillipsburg, PA, located within the Western District of Pennsylvania. [ECF No. 1 ¶ 1]. In fact, the lead named respondent is Leonard Oddo, Facility Administrator of the Moshannon Valley Processing Center. But typically, the Great Writ is "issuable only in the district of

confinement." *Carbo v. United States*, 364 U.S. 611, 617 (1961); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.").

The Petitioner asserts that the matter is one of *venue* not jurisdiction, [ECF No. 1, ¶¶ 7–14]. As alleged, the Petitioner was originally detained in the Southern District of West Virginia, a "substantial part of the events giving rise to the claims" took place in this district, and Petitioner would be in the district but for his transfer out of the district to allegedly evade this court's jurisdiction. *Id.*

Accordingly, the parties shall brief the issues. It is **ORDERED** that

(1) Respondents shall file a written response to this Order on the matter of jurisdiction and venue no later than **Wednesday, March 4, 2026, at 5:00 p.m.**

(2) Petitioner shall file a reply on the matter of jurisdiction and venue no later than **Thursday, March 5, 2026 at 12:00 p.m.**

(3) Counsel for Petitioner shall ensure that Respondents are **IMMEDIATELY** served with the Petition, [ECF No. 1], his motion, [ECF No. 2], and this Order.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel, any unrepresented party, and the United States Attorney's Office for the Southern District of West Virginia.

ENTER:     March 3, 2026

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

2