IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MARIANO RENE GONZALEZ FALLA,

           Petitioner,

v.                                   CIVIL ACTION NO.  3:26-cv-00172

LEONARD ODDO, et al.,

           Respondents.

**ORDER**

      Pending before the court is Respondents' ("the Government") Motion to Dismiss, or in the Alternative to Transfer, [ECF No. 8]. Petitioner responded in opposition, [ECF No. 10]. The matter is ripe for review. For the reasons that follow, the Government's alternative Motion to Transfer is **GRANTED** and the Motion to Dismiss is **DENIED as moot.** This matter is **ORDERED TRANSFERRED** to the **Western District of Pennsylvania.**

      On February 26, 2026, Petitioner Mariano Rene Gonzalez Falla was pulled over, arrested, and ultimately taken into custody by Immigration and Customs Enforcement ("ICE") officers. [ECF No. 1, ¶ 22]. Since February 28, 2026, Petitioner has been detained "at the Moshannon Valley Processing Center (MVPC) in Phillipsburg, Pennsylvania." *Id.* ¶ 1. Thus, when Petitioner filed his Petition[1] for Writ of Habeas Corpus on March 2, 2026, he had been detained at MVPC—located within the Western District of Pennsylvania—for at least two days. *Id.* ¶ 15. Notably,

---

[1] The Petition identifies Leonard Oddo, Facility Administrator of MVPC, as a respondent, as well as John Rife, Field Office Director of the Philadelphia Field Office of ICE; Todd M. Lyons, Acting Director of ICE; Kristi Noem, Secretary of Homeland Security; and Pamela Bondi, the United States Attorney General (collectively, the "Government").

Petitioner's counsel was aware of Petitioner's location at the time of filing. *Id.* ¶ 3 n.1 (As alleged in the Petition, Petitioner's counsel knew Petitioner had been transported to MVPC on Saturday, February 28, 2026.).

This presents a problem of jurisdiction: Petitioner filed a habeas petition in a district other than the district of confinement. On March 3, 2026, the court ordered that the Government address this issue in a response.[2] [ECF No. 6]. The Government asserts that this court lacks jurisdiction because "nobody in this district had custody of [Petitioner] at the time of filing." [ECF No. 9, at 3]. The Government further argues that no exception to the "immediate custodian" rule applies because Petitioner's location and immediate custodian were known when the Petition was filed. *Id.* at 5. Nevertheless, the Government asserts that, if the court declines to dismiss the Petition, the appropriate course would be to transfer the matter to the Western District of Pennsylvania.

Relying on a concurrence by Justice Kennedy, Petitioner contends the relevant inquiry is one of venue or personal jurisdiction rather than subject-matter jurisdiction. [ECF No. 10, at 2 (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 451 (2004) (Kennedy, J., concurring) ("These rules, however, are not jurisdictional in the sense of a limitation on subject-matter jurisdiction. . . . In my view, the question of the proper location for a habeas petition is best understood as a question of personal jurisdiction or venue."))]. Petitioner further asserts that the Government moved Petitioner to evade judicial review and that such actions constitute "exceptional circumstances" in which this court may exercise jurisdiction. *Id.* at 2–8. In the alternative, Petitioner, like the Government, argues that transfer to the Western District of Pennsylvania would be appropriate. *Id.* at 8, n.5.

---

[2] The court notes that another judge in this district with a nearly identical case ordered briefing on the issue as well. *Rodriguez-Flores*, No. 3:26-cv-00169, [ECF No. 10] (S.D. W. Va. Mar. 4, 2026) (Johnston, J.). That briefing will conclude on March 25, 2026. *Id.*

Here, I find that the court lacks jurisdiction. The appropriate remedy, however, is transfer rather than dismissal. Under the federal habeas statute, district courts "are limited to granting habeas relief 'within their respective jurisdictions.'" *Padilla*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). The Supreme Court has interpreted this language to require that the district court have jurisdiction "over the [petitioner's] custodian." *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 495 (1973). The Petition identifies the relevant custodian as Leonard Oddo, facility administrator of MVPC, "a privately owned and operated secure immigration processing center" located in the Western District of Pennsylvania. [ECF No. 1, ¶ 1]; *Padilla*, 542 U.S. at 435 ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement-'core challenges'-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.").

Petitioner has not identified, nor has the court found, a way to exercise jurisdiction over Mr. Oddo under normal habeas challenge rules.[3] Mr. Oddo is not located in the Southern District nor is the facility he manages. In *Rumsfeld v. Padilla*, the Court emphasized the importance of the district court's jurisdiction over the proper respondent:

> In habeas challenges to *present* physical confinement, by contrast, the district of confinement is *synonymous* with the district court that has territorial jurisdiction over the proper respondent. This is because, as we have held, the immediate custodian rule applies to core habeas challenges to present physical custody. By definition, the immediate custodian and the prisoner reside in the same district.

542 U.S. at 444 (emphasis in original); *see also Kanai v. McHugh*, 638 F.3d 251, 255 (4th Cir. 2011) (In circumstances like these, "the 'district of confinement' necessarily is the location of both

---

[3] To exercise jurisdiction over a petitioner, districts away, would expand the power of the writ beyond the statute. "Congress added the limiting clause-'within their respective jurisdictions'-to the habeas statute in 1867 to avert the 'inconvenient [and] potentially embarrassing' possibility that 'every judge anywhere [could] issue the Great Writ on behalf of applicants far distantly removed from the courts whereon they sat.'" *Padilla*, 542 U.S. at 442 (quoting *Carbo v. United States,* 364 U.S. 611, 617 (1961)).

3

the habeas petitioner and the immediate custodian."). This rule applies here as Petitioner is challenging his current detention. [ECF No. 1, ¶¶ 48, 56, 64, 66, 75].

Apart from the court's lack of authority over the proper respondent, Petitioner filed this Petition in the Southern District of West Virginia while he was confined in the Western District of Pennsylvania. *Id.* ¶ 1. In short, Petitioner's district of confinement is the Western District of Pennsylvania. Because the general rule is that jurisdiction lies *only* in the district of confinement, this court cannot exercise jurisdiction over this Petition. *Padilla*, 542 U.S. at 443 ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.").

Recognizing these default rules, Petitioner asserts that this case presents exceptional circumstances because the Government tried to evade this court's jurisdiction. I disagree. Both the Government's declaration and Petitioner's declaration show that ICE and state authorities ultimately chose not to detain noncitizens in local state jails. [ECF No. 8-1, ¶ 3 (The Government's Declaration of Supervisory Detention and Deportation Officer David Kleumper) ("The Regional Jail authority then advised [Enforcement and Removal Operations] they would no longer accept new intakes of ICE detainees.")]; [ECF No. 10-2 (The Petitioner's Declaration of Donnie Ames, Department of Corrections and Rehabilitation Immigration and Customs Enforcement Liaison) ("[D]ue to the [court's] order, ICE would not be committing these [noncitizen] inmates to SCRJ.")].

Petitioner has not demonstrated that the Government acted in bad faith or that the circumstances here are extraordinary. Nothing in the record suggests that the Government sought to prevent Petitioner from filing a habeas petition or intentionally moved him to violate his

4

constitutional rights.[4] Nor does the record indicate that Petitioner's counsel filed the Petition while Petitioner was in an unknown location with an unknown custodian. To the contrary, the Petition itself clearly alleges that Petitioner was detained at MVPC, in a different district, and had been there for at least two days. [ECF No. 1].

Petitioner, however, is not without recourse. Transfer of this case will cure the jurisdictional defect and allow a court familiar with MVPC to exercise jurisdiction over his petition. 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed."). And both parties agree (albeit in alternative arguments) that transfer is appropriate. 28 U.S.C. § 1404(a) (permitting the court to transfer a civil action to any district "which all parties have consented"). At the time of his filing, Petitioner was in the Western District of Pennsylvania, and that is the district in which the named custodian is located. 28 U.S.C. § 1404(a) (permitting the court to transfer a civil action, for "the convenience of the parties and witnesses, in the interest of justice," to any other district "where [the action] might have been brought").

Accordingly, the Government's alternative Motion to Transfer, [**ECF No. 8**], is **GRANTED**, and the Motion to Dismiss, [**ECF No. 8**], is **DENIED as moot**. The court further **ORDERS** that this case be **TRANSFERRED** to the **Western District of Pennsylvania.**

---

[4] At most, the record indicates that the state and federal authorities tried to place Petitioner in just one location, but each facility turned them away. This is not the case of attempting to house Petitioner in many different facilities for a short amount of time.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel, any unrepresented party, the United States Attorney's Office for the Southern District of West Virginia, and the Western District of Pennsylvania.

ENTER: March 6, 2026

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE